# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **JULIE MATT and ANDREW MATT** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| **DENNIS J. BARTON III** | ) | |
| | ) | |
| Serve at: | ) | |
| Dennis J. Barton III | ) | |
| 17600 Chesterfield Airport Rd. Suite B7 | ) | |
| Chesterfield, MO 63005 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **CONSUMER ADJUSTMENT** | ) | |
| **COMPANY, INC.** | ) | |
| | ) | |
| Serve at: | ) | |
| Jonathan F. Dalton, Registered Agent | ) | |
| 12935 North Forty Drive, Suite 210 | ) | |
| St. Louis, MO 63141 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **ROGER WEISS** | ) | |
| | ) | |
| Serve at: | ) | |
| 4121 Union Road | ) | |
| St. Louis, Missouri 63129 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COME NOW, Plaintiffs, Julie Matt and Andrew Matt, and for their Complaint state as follows:

1

## INTRODUCTION

1. Plaintiffs do not request relief from or invalidation of the state court judgment referenced herein; Plaintiffs seek redress for litigation misconduct that went unnoticed by the court due to Defendants' deception, described more fully herein.

2. This is an action for statutory and actual damages brought by individual consumers for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3. This is an action for actual and punitive damages brought by an individual consumer for conversion and abuse of process.

4. Plaintiffs demand a trial by jury on all issues so triable.

## JURISDICTION

5. This Court has original jurisdiction over Plaintiffs' FDCPA claims under 15 U.S.C. § 1692k(d) because the illicit collection activity was directed at Plaintiffs in St. Louis County, Missouri, within the Eastern District of Missouri.  Further, this Court has original jurisdiction over Plaintiffs' FDCPA claims under 28 U.S.C. § 1331 because they arise under federal law.

6. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1) because all Defendants reside in the Eastern District of Missouri.  Venue is appropriate in this Court under Local Rule 3 - 2.07(b)(2) because all Defendants reside in the Eastern Division of the Eastern District of Missouri.

7. Additionally, venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2) because Defendants' illicit conduct occurred in the Eastern District of Missouri.

**PARTIES**

8. Plaintiffs are natural persons currently residing in St. Louis County, Missouri. Plaintiffs are "consumers" within the meaning of the FDCPA.

9. The alleged debts Plaintiffs owe arise out of consumer, family, and household transactions. Specifically, the alleged debts arise out of medical services that Plaintiffs received from St. Anthony's Medical Center.

10. Defendant Dennis J. Barton is an attorney licensed in Missouri, bar number 55176. The principal business purpose of Defendant Barton is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another. Specifically, Barton works for an array of collection agencies and title loan companies and takes hundreds of default and consent judgments each year against consumers who owe personal debts to such entities. Barton also employs a staff of non-attorney debt collectors who send letters and make calls to consumers in Barton's name to collect debts.

11. Defendant Consumer Adjustment Company, Inc. ("CACi") is a Missouri corporation with its principal place of business in St. Louis, Missouri. The principal business purpose of CACi is the collection of debts in Missouri and nationwide, and CACi regularly attempts to collect debts alleged to be due another.

12. Defendant Roger Weiss is the principal officer of Defendant Consumer Adjustment Company, Inc., a collection agency known as "CACi," and is himself a debt collector. Weiss directed CACi's operations and set its policies as to the FDCPA violations alleged below.

13. Weiss and CACi are collectively referred to herein as "CACi."

14. Weiss hired Barton for the purpose of collecting the debt from Plaintiff.

15. Weiss specifically directed all of Barton's actions described herein.

16. Weiss and Barton together concocted the scheme whereby Weiss or his company, CACi, would acquire St. Anthony's Medical Center debts and Barton and BLG, on behalf of Weiss, would file suits against consumers owing those debts in the name of St. Anthony's Medical Center without disclosing the involvement of Weiss or CACi as being the real party/parties in interest.

17. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants are "debt collectors" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

### *Background of Barton and Weiss in "St. Anthony's" Litigation*

18. Barton and Weiss have a history of being sued for misconduct and deceit in the collection of debts allegedly due St. Anthony's Medical Center, and their actions described below were all performed with malice and knowledge of the illegality thereof. *See* Maher v. Barton et al., Case No. 4:13-cv-02260DDN (United States District Court, Eastern District of Missouri); Huskey v. Barton et al., Case No. 13SL-AC09144 (St. Louis County Circuit Court).

### *CACi's Collection Letters*

19. During the year prior to this Complaint, CACi sent Plaintiff several collections related to St. Anthony's Medical Center debts.

20. In each of these letters, CACi failed to disclose to Plaintiff that CACi was charging Plaintiffs interest on the debt and/or trying to collect interest on the St. Anthony's Medical Center debts from Plaintiffs.

21. CACi did not include any safe harbor language in its collection letters that due to the presence of accruing interest and other fees, Plaintiffs' balance would continually increase while CACi tried to collect it.

22. As such, CACi was deceptive with respect to the debt amounts it listed in its letters.

23. As such, CACi failed to state the balance due in its collection letters.

### *St. Anthony's Medical Center Assigns the Debt*

24. Sometime prior to February 27, 2013, Weiss arranged for the assignment of Plaintiffs' debt from St. Anthony's Medical Center to himself or his debt collection business, CACi.

25. For valuable consideration received from Weiss and/or CACi, St. Anthony's Medical Center assigned the debt to Weiss and/or CACi prior to February 27, 2013.

26. By virtue of its assignment to Weiss and/or CACi, St. Anthony's was no longer the real party in interest for purposes of prosecuting Plaintiffs for collection of the alleged debt. Instead, as of February 27, 2013, Weiss and/or CACi were the real parties in interest.

27. The assignment document executed by St. Anthony's Medical Center specified that CACi and/or Weiss were to file suit in their own name as assignee of the debt.

28. The assignment document executed by St. Anthony's Medical Center recited that the assignment was being completed pursuant to Missouri Revised Statute § 425.300, which specifies that "[c]ollection agencies may take assignment of claims in their own name as real parties in interest for the purpose of billing and collection and ***bringing suit in their own and the claimant's names*** thereon…"  Mo. Rev. Stat. § 425.300 (emphasis added.)

29. Section 425.300 does not allow any debt collector who is an assignee to sue in solely the name of the assignor, as if there were no assignment. Id.

### *Barton's Collection Letter*

30. Defendants CACi and/or Weiss directed Barton to attempt to collect Plaintiffs' debt after it was assigned to CACi and/or Weiss.

31. Barton sent Plaintiffs a letter dated January 4, 2013.

32. The January 4 letter stated that Barton represented St. Anthony's Medical Center "with respect to the collection of $914.91."

33. The statement that Barton represented St. Anthony's Medical Center was false and misleading; Barton was never hired by St. Anthony's and St. Anthony's does not even know of Barton's existence.

34. The letter further stated that the amount quoted "does not include interest, costs of court, attorney's fees, or any other fees or costs that may be owed."

35. The letter stated only "may" be charged interest on the balance of the debt. It did not state whether Plaintiffs were in fact being charged interest.

36. The January 4 letter was false and misleading because the petition in Defendants' lawsuit, discussed more fully below, indicated that a ninety-eight percent interest rate applied to Plaintiffs' debt. Further, the consent judgment in that case included interest charges in the amount of the judgment, indicating that interest was in fact being charged at all times Defendants were trying to collect the debt.

37. The amount of the debt stated on the January 4 letter was thus false on the day it was received by Plaintiffs because of the accruing interest.

38. The January 4 letter was misleading because it only hinted at the possibility of interest and did not clearly disclose that interest was in fact accruing.

39. As such, the January 4 letter failed to state the amount of the debt.

40. The January 4 letter was on official Barton letterhead, stating in capital letters at the top of the page: "THE BARTON LAW GROUP, LLC."

41. The letter was apparently signed by Barton, and the signature block included the statement: "Attorney at Law."

42. The January 4 letter was designed to give Plaintiffs the appearance that an attorney, Barton, had reviewed the collection file, sent the letter, and that Barton was personally pursuing Plaintiff.

43. In reality, Barton did not draft the January 4 letter.

44. In reality, Barton did not actually physically sign the January 4 letter.

45. Barton did not review Plaintiffs' account file before sending the letter on BLG's letterhead and bearing his apparent signature.

46. There was no meaningful attorney involvement or review associated with Plaintiffs' debt before Barton sent the letter.

47. The January 4 letter fails to disclose that no attorney employed by Barton reviewed Plaintiffs' file before the letter was sent.

### *The Lawsuit Against Plaintiffs*

48. On February 27, 2013, Barton filed a lawsuit on behalf of Weiss and CACi against Plaintiffs in the Circuit Court for St. Louis County, Associate Division, styled "St. Anthony's Medical Center v. Julie Matt and Andrew Matt," case number 13SL-AC07639 (the "Lawsuit").

49. In the Lawsuit, Barton did not name CACi or Weiss as a party, even though the debt was assigned to them and they (and not St. Anthony's) were the real parties in interest.

50. Barton did not identify any party other than St. Anthony's Medical Center as the plaintiff.

51. St. Anthony's had no stake in the debt or the outcome of the Lawsuit; it had previously assigned all of its right in the debt to Weiss and CACi.

52. Barton signed the lawsuit as "Attorney for Plaintiff."

53. This statement was false.

54. In reality, Barton was not the attorney for St. Anthony's Medical Center.

55. St. Anthony's Medical Center did not hire Barton and did not authorize Barton to file the Lawsuit.

56. Barton drafted the Lawsuit in deceitful fashion to make it appear that St. Anthony's Medical Center was the only plaintiff and the only party in interest.

57. Upon information and belief, Barton and Weiss concocted the idea of naming St. Anthony's as the only plaintiff, and failing to disclose the involvement of Weiss or his debt collection company, because they thought consumers like Plaintiffs would be less likely to challenge a suit brought by the original creditor as opposed to a suit brought by a mere debt collector.

58. Upon information and belief, Barton and Weiss concocted the idea of naming St. Anthony's as the only plaintiff, and failing to disclose the involvement of Weiss or his debt collection company, because they thought consumers like Plaintiffs would be more likely to challenge the debt and exercise their rights pursuant to 15 U.S.C. § 1692 et seq. if Barton and

Weiss disclosed the involvement of debt collectors who are the true plaintiffs and parties in interest.

59. Defendants' petition in the Lawsuit sought interest on the balance of the debt at a rate of ninety-eight percent.

60. The rate of interest stated in Defendants' petition was not authorized by law or by any agreement between Plaintiffs and St. Anthony's Medical Center, the original creditor.

61. Barton used this high rate of interest as pressure to get Plaintiffs to sign a consent judgment.

62. Plaintiffs appeared in person in court after February 27, 2013 and met with Barton.

63. Barton obtained Plaintiffs' signatures on a consent judgment.

64. The consent judgment was taken in the name of St. Anthony's Medical Center despite the fact that St. Anthony's was not the real party in interest.

65. The garnishment paperwork sent to Plaintiffs again specified that the garnishment was taken in the name of St. Anthony's Medical Center and that the garnished funds would go to that entity.

66. This representation was also false; the garnished funds would go to Barton.

### *Plaintiffs Learn of Defendants' Deception in December of 2013*

67. In December of 2013, Plaintiffs learned for the first time that Barton, contrary to his many representations to the contrary, never actually represented St. Anthony's Medical Center with respect to the debts that Defendants attempted to collect.

68. Due to Defendants' deliberate deception and misstatements regarding St. Anthony's, Plaintiffs could not reasonably have learned that Barton did not actually represent St. Anthony's without the help of counsel at any time prior to December of 2013.

69. Plaintiffs never entered into any agreement whereby they consented to arbitrate disputes between themselves and Defendants.

70. Defendants' collection attempts and bad acts described above have caused Plaintiffs to incur actual damages including but not limited to anxiety, stress, and worry.

## COUNT I: VIOLATION OF THE FDCPA—ALL DEFENDANTS

71. Plaintiffs re-allege and incorporate by reference all of the above paragraphs.

72. In their attempts to collect the alleged debt from Plaintiffs, Defendants have committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

   a. Filing suit against Plaintiffs on behalf of St. Anthony's Medical Center when Defendants knew that the real party interest was CACi and/or Weiss, 15 U.S.C. § 1692e;

   b. Failing to clearly and accurately state the amount of the debt, 15 U.S.C. § 1692g(a);

   c. Failing to disclose that no attorney employed by Barton had personally reviewed Plaintiffs' account file before the letter was sent, 15 U.S.C. § 1692d-f;

   d. Falsely representing that Defendant Barton had actually signed the collection letter, 15 U.S.C. § 1692d-f;

   e. Communicating a false impression of the character, amount, or legal status of the debt, 15 U.S.C. § 1692c;

f. Attempting to collect an amount not authorized by law or by any agreement between Plaintiffs and the original creditor, 15 U.S.C. § 1692f;

g. Engaging in false, deceptive, harassing, and unfair conduct in the collection of a debt. 15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants for:

A. Judgment that Defendants' conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D. For such other relief as the Court may deem just and proper.

## **COUNT II: ABUSE OF PROCESS – ALL DEFENDANTS**

73. Plaintiffs re-allege and incorporate by reference all of the above paragraphs.

74. Defendants made an illegal, improper, and perverted use of process by filing the Lawsuit in the name of St. Anthony's Medical Center and not Weiss and/or CACi, the real parties in interest.

75. Defendants made an illegal, improper, and perverted use of process by completing garnishment documents that represented Plaintiffs were being garnished by St. Anthony's Medical Center.

76. Defendants used the Lawsuit and the garnishment to attempt to force Plaintiffs into paying a debt that (1) they did not owe either in whole or in part and that (2) St. Anthony's had no interest in collecting, as it did not retain Barton. Both of these purposes are improper, illegal and perverted.

11

77. Defendants had an improper purpose or purposes in falsely representing that St. Anthony's Medical Center was the plaintiff in the Lawsuit and not Weiss and/or CACi. Defendants sought to dupe Plaintiffs into believing that the original creditor, St. Anthony's, was suing them. Additionally, Defendants sought to conceal the fact that a mere debt collector, Weiss and/or CACi, was suing them.

78. Defendants, via falsifying the identity of the plaintiff in the Lawsuit and in the garnishment, wanted to obtain and collect on a judgment against Plaintiffs in the name of St. Anthony's Medical Center when it was impossible under the law to obtain such a judgment because St. Anthony's Medical Center never hired Barton.

79. Defendants' abusive ends in filing the Lawsuit and in garnishing Plaintiffs are not authorized by those processes.

80. In addition and/or in the alternative, Defendants illegally used the process described herein solely for the purpose of harassing and intimidating Plaintiffs.

81. Defendants' abuse of process has caused Plaintiffs damage, including but not limited to Plaintiffs' embarrassment, legal fees, stress, anxiety and humiliation in connection with the Lawsuit.

Defendants' actions described above were wanton, willful, and made in deliberate disregard of Plaintiffs' rights.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants for:

A. Actual damages;

B. Punitive damages in the largest amount available by law; and

C. For such other relief as the Court may deem just and proper.

**VOYTAS & COMPANY, LLC**

/s/ Richard A. Voytas, Jr.

_____
RICHARD A. VOYTAS, JR., #52046MO
NATHAN K. BADER, #64707MO
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1068
Fax:     (314) 667-3161