UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JULIE AND ANDREW MATT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:13CV2529 JAR |
| ) | |
| DENNIS J. BARTON, III, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees and Court Costs (ECF No. 16). This matter is fully briefed and ready for disposition.

## **DISCUSSION**

Defendant Barton filed an Offer of Judgment on March 6, 2014, which Plaintiffs accepted on March 13, 2014. (ECF No. 17 at 3; ECF No. 16-3). In the Offer of Proof, Barton concedes that Plaintiffs are entitled to $1,500.00 in damages, Plaintiffs' reasonable attorneys' fees related to prosecuting Barton, and the costs of litigation. (ECF No. 16-3). In their motion for attorneys' fees, Plaintiffs request the Court enter judgment in their favor consisting of (1) $6,667.00 in attorneys' fees; (2) $1,500 in damages; and (3) $450 in costs for a total award of $8,617.00. (ECF No. 17 at 2). Plaintiffs' counsel charged the rate of $295 per hour. Plaintiffs' requested fee award is the only amount in dispute.

Barton argues that the proposed attorneys' fees are too high. First, Barton disputes 3.3 of the 4.3 hours charged from December 2, 2013 through December 11, 2013 for communications between Plaintiffs and counsel. (ECF No. 18 at 3). Barton states that this was too much time for a conference on a non-complex case and consents to only 1 hour of time.

˘ 1 ˘

Second, Barton also disputes the hour of invoiced work on December 12, 2013 for internet research. (ECF No. 18 at 3-4). Barton states that Plaintiffs' counsel already charged for this search in Hejlek v. Barton, 4:13cv2503.

Barton also challenges the 6.5 invoiced hours for time Plaintiffs' counsel researched potential FDCPA causes of action related to Barton's false representation that he was the attorney for St. Anthony's Medical Center and his false and misleading collection letters, as well as the "bona fide error" defense. (ECF No. 18 at 4-5). Again, Barton contends that Plaintiffs' counsel billed a similar charge in Hejlek for potential causes of action against Barton. Further, Barton claims that it was error to research such defense prior to Barton raising it and asserts that Plaintiffs' counsel should not have charged for any of that time.

Barton disputes 6 of the 7 hours that Plaintiffs' counsel is requesting for drafting the complaint. Barton asserts that Plaintiffs' counsel filed 7 similar complaints against 7 different defendants. Barton claims that the 7 hours is exaggerated and should be divided equally among the 7 different defendants. (ECF No. 18 at 6).

Finally, Barton disputes all requested amounts for Plaintiffs' counsel's communications on February 14, 23 and 25, 2014, with St. Anthony's Medical Center's counsel, Laura Frame. (ECF No. 18 at 6-8). Barton contends that those hours are duplicative of the time requested in Hejlek and because Plaintiffs' counsel violated Missouri Rule of Professional Conduct 4-4.2 when he spoke to Ms. Frame without Barton's knowledge and consent.

In reply, Plaintiffs' counsel states that he did not commit any professional misconduct because Ms. Frame contacted him in response to a subpoena, and he only spoke to her after he was assured that St. Anthony's Medical Center was not represented by Barton. (ECF No. 19). Plaintiffs' counsel further asserts that he did not double bill for any work and that the fees requested are in-line with other attorneys' fees awards for similar work. Plaintiffs' counsel states

that he divided his "time between each of the seven cases on the basis of what time was actually spent with respect to each case and nothing more."  (ECF No. 19 at 1).

As a starting point, the Court does not question Mr. Voytas' ethics, particularly where the evidence presented demonstrates that Ms. Frame contacted Mr. Voytas first.  The Court finds no ethical violation on the part of Mr. Voytas and, further, that Barton's allegation is unwarranted and make recklessly.

The Court nevertheless believes that amount of requested attorneys' fees is more than anticipated, given the early stage of the litigation.  The Court finds that Plaintiffs' counsel charged for too much time for meeting with his client, researching the FDCPA causes of action, and preparing the complaint.  As a starting point, Plaintiffs have requested fees for 22.6 hours of work.  Barton consents to 3.9 hours of work.  (ECF No. 18 at 8).  As a result, 18.7 hours of work are contested.  After a thorough review of the record, the Court will reduce the fees by approximately one-third of the contested amount (or 6.2 hours).  The Court believes that a 6.2 hour reduction is warranted given the atypical amount of time Mr. Voytas spent preparing for and having the initial client meetings (4.3 hours), performing internet searches on Barton (1.0 hours), researching FDCPA causes of action against Barton and his possible defenses (6.5 hours), and drafting the complaint (6.1 hours).  After a 6.2 hour reduction, the Court awards Plaintiffs their fees for 16.4 hours of work, for a total of $4838.00

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Award of Attorneys' Fees and Court Costs [16] is hereby **GRANTED**, in part.  Plaintiffs are awarded $1,500 in statutory and actual damages, $450 in court costs, and $4838.00 for a total of $6788.00.

Dated this 20th day of May, 2014.

                                                                                               **JOHN A. ROSS**
                                                                                               **UNITED STATES DISTRICT JUDGE**